51 F.3d 272
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Wayne Earl LAFOUNTAIN, Plaintiff-Appellant,
v.
Gayla JONES; Richard Johnson; Larry Roberts, Defendants-Appellees.
 No. 94-1975.
 United States Court of Appeals, Sixth Circuit.
 March 28, 1995.
 
 Before: JONES, CONTIE and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Wayne Earl LaFountain, a pro se Michigan prisoner, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary, declaratory and injunctive relief, LaFountain sued Jones, the mail room supervisor at the Carson City Temporary Facility (CCTF), Roberts, the assistant deputy warden, and Johnson, the warden at CCTF. Plaintiff alleged that the defendants conspired to have him transferred to another correctional facility in retaliation for LaFountain filing prior grievances and lawsuits against the employees of the Michigan Department of Corrections (MDOC).
 
 
 3
 A magistrate judge considered LaFountain's claims and recommended granting summary judgment in favor of the defendants. In timely objections to the magistrate judge's report, LaFountain raised his retaliation claim against defendants Jones and Johnson but did not raise specific objections as to his retaliation claim against defendant Roberts. LaFountain also did not specifically raise objections pertaining to his claims of conspiracy and for declaratory and injunctive relief. Upon de novo review in light of LaFountain's objections, the district court granted summary judgment in favor of the defendants and dismissed the case.
 
 
 4
 On appeal, LaFountain continues to argue the merits of his retaliation claim. He also argues that the district court did not conduct a de novo review of the magistrate judge's report. LaFountain has filed a motion to strike appellees' brief.
 
 
 5
 Initially, we note that the district court conducted a de novo review of LaFountain's case. See United States Fidelity and Guar. Co. v. Thomas Solvent Co., 955 F.2d 1085, 1088 (6th Cir.1992). We also note that appellate review of any claim not specifically raised in LaFountain's objections to the magistrate judge's report is waived. See Thomas v. Arn, 474 U.S. 140, 155 (1985); Willis v. Sullivan, 931 F.2d 390, 400-01 (6th Cir.1991). LaFountain has waived appellate review of his claim for declaratory and injunctive relief, his claim of retaliation as it pertains to defendant Roberts and his claim of conspiracy against all the defendants.
 
 
 6
 Upon review, we conclude that the district court properly entered summary judgment for the defendants because there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).
 
 
 7
 LaFountain argued that the defendants transferred him to another prison in retaliation for his filing grievances and lawsuits against MDOC employees. Although an inmate does not have a constitutional right to be incarcerated in any particular prison, Olim v. Wakinekona, 461 U.S. 238, 245 (1983), a First Amendment violation is asserted if an inmate claims that he was transferred in retaliation for exercising his constitutional rights. Murphy v. Lane, 833 F.2d 106, 108-09 (7th Cir.1987) (per curiam).
 
 
 8
 LaFountain has not met his burden of showing retaliation. Aside from his allegation that he was transferred in retaliation for exercising his constitutional rights, LaFountain has not presented any probative evidence in support of his retaliation claim against the defendants. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).
 
 
 9
 Accordingly, we deny LaFountain's motion to strike appellees' brief and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.